My name is Paul Grotus, and may it please the Court, I would like to reserve two minutes for rebuttal, and I am here on behalf of the petitioner, Mr. Morales-Durate. It is my client's position that the Board of Immigration Appeals erred when it failed to provide a meaningful analysis of the immigration judge's failure to consider his positive equities in denying his application for adjustment of status as a matter of discretion. The immigration judge and the Board of Immigration Appeals' discretionary determination was based on a flawed legal conclusion, and a remand is required for further consideration of petitioner's children who are residing in the U.S. Why is this a legal conclusion? I mean, it went through the equitable factors. It talked about your client's employment history as a positive factor, and then it referred to his various arrests and his lack of respect for the laws in the United States as negative factors, and said, I don't know enough about the legal status of his children to use that as a factor. Why is this a legal, as opposed to a purely discretionary weighing of the factors? Because, Your Honor, the legal issue exists under a matter of array at the exact moment of whether a undocumented child can be considered to determine in the discretionary mix of whether to give an immigrant a green card or not. The BIA seemed to put that to the side, and I think our law is that we consider the agency's decision, but if the BIA decides to ignore a factor, then aren't we to look at the equitable factors without the legal status issue? I think the BIA's decision was shocking. I think they pushed it aside in a footnote when, really, the appropriate— So would you answer my question? Shocking or not, they put it aside in a footnote, so why should we consider that? Because the original finder of fact is the immigration judge, that this court should order the immigration judge to just make an initial determination, can an undocumented child be utilized in determining whether to grant an immigrant a green card or not? That is the question of law, which is not a question of fact. I'm not before this court and saying that the immigration judge should have given greater weight to an undocumented child, because that is a discretionary question. Your Honor, despite finding that the petitioner was statutory eligible for adjustment of status based on an approved I-140 petition, the immigration judge and BIA only considered the petitioner's arrest in finding he did not warrant a favorable exercise of discretion. The exercise of discretion does not mean the decision can be arbitrary, inconsistent, or dependent exclusively on an applicant's criminal record. The immigration judge and the Board of Immigration Appeals failed to consider all the petitioner's positive equities. What are the other positive equities besides his employment history? His length of ties in the United States, Your Honor. He's been here for over 35 years. It mentioned that, didn't it? It did mention that, however, Your Honor. The main question before this court is the question of law. Whether an immigrant who is seeking his green card before an immigration judge who has an undocumented child can utilize that undocumented child as a positive factor, or it in no way can be considered by a judge. That's the only question of law that you... Your Honor, we... Is that right? As a procedural issue, this case was, I think the petition for review was immediately filed when the Jacobson remand policy began. So my office didn't prepare the briefs that are... Well, I understand. I'm not blaming anybody for anything. I'm just trying to understand. You describe an error of law to the fact that the IJ failed to determine the legal... Failed to use the legal status or lack of legal status of his adult children as a factor. Is that right? Close, Your Honor. We describe an error of law because the immigration judge said the children are undocumented. Therefore, I can't even consider them in my analysis. And what weight, which is really the discretionary issue, should be given to an undocumented child is for that immigration judge to decide. However, they must be considered in that determination. And do you also locate error in the BIA's refusal or declination to rely on the IJ's finding regarding his children? I definitely find error in that, Your Honor, and I also find it surprising because the BIA... What about surprising? I'm not interested in surprising. I'm interested in error. Got it. So what is the error when the BIA says, We're not going to consider the fact that the IJ found or didn't find anything about the kids. There's two errors. First of all, under a matter of awry, the immigration judge has broad discretionary determination to consider every factor. And second of all, the BIA failed to answer the initial question that this Court is left to answer, whether an undocumented child can be used as a discretionary factor in determining whether an immigrant can get a green card. I think that the BIA committed an error when they basically conclusively said the children are undocumented, but even if we did count them and we're not saying what weight we're going to give them, we're not saying what weight, whether we would give them the same weight as if they had a green card or if they were U.S. citizens or if they had DACA. We're not going to get into all that. We're just going to put it in a footnote, and we're going to say even if we considered that, but we don't know what weight they're going to get, the respondent would have got a green card. Why isn't that enough? If the IJ had done that, would you be here making the same argument? I think that no, Your Honor. I think that the immigration judge is the initial finder of facts. I know, but the BIA can modify that decision. It can add on to that decision. It can decide not to rely on particular findings by the immigration judge. You're correct, Your Honor, but the BIA also must answer that question. It's a question of law. What weight should be afforded? Should any weight be afforded to an undocumented child? It doesn't matter. If they say it doesn't matter, we don't, you know, it just doesn't matter in this case. As a matter of fact, it doesn't matter. It won't affect the outcome. Why isn't that telling? I think it's telling for two reasons, because if they said that it didn't matter, it would directly contradict matter of array. It would directly contradict. No, I mean as a matter of fact in this case. I don't mean it doesn't matter as a matter of law. It matters as a matter of law, but it doesn't matter how we come out on it because the result would be the same. We do that sometimes, don't we? I think that's very unfair to a man who's lived here for over 30 years, that he deserves to have his day in court as he's having his day in court before this panel, that he deserves to have an immigration judge make that determination, that it's sort of an end around which gets around due process. To just say we're not going to get into any of the factors related to whether you get to remain in America forever with your green card or whether you will get deported. We're just going to say even though we don't have the facts, even though we don't know whether the children have DACA, even though we don't know whether they're U.S. citizens, that even if that did occur, that you don't merit a green card. I think that's fundamentally unfair, something that this Court should not permit. Going forward in future cases, I don't think it's fair to any immigrant who's applying for a green card before a judge. Thank you very much. You've reserved two minutes for rebuttal, and we'll hear from Mr. Buchanan. May it please the Court, Christopher Buchanan for the United States Government. Your Honor, this Court is quite right to inquire about whether there's an actionable or cognizable question of law in this case because there is none. The discussion that the Court just had with Petitioner's counsel, in my view, underscores the point in this case that the discussion that the Petitioner wants to have today about the immigration status of undocumented children, whether that counts or not count. What is the United States Government's position on that issue? Your Honor, that wasn't raised below. I understand that, but what's your position on that issue? Your Honor, I think that there's ample evidence and there's ample authority in case law to suggest that family ties to the United States, that's a phrase lifted from the 1978 Matter of Marin case, that goes to legal status in the United States because the fact that a Petitioner, the fact that a family member is here in an undocumented fashion and can establish ties to the community, while a positive factor is just simply not on the same level as a family member who has a legal right to remain in the United States. And so, clearly, removing half of a family is not the same thing as removing the entire family. So if the entire family is present illegally, they can be removed, all of them, whereas if part of the family is present legally, and, you know, for example, the Wallace case, the facts that the Court pointed to there were that the Petitioner's mother was a legal permanent resident. She had a legal right to remain. She had served in the United States Army, and so those were factors that were considered to be strong evidence of family ties to the United States. But regardless, on this record, the only reference that the Petitioner made before the Board. I'm sorry. Just to go back, would it be improper then for an immigration judge, in your view, to use as a positive equitable factor the fact that a Petitioner had children in the United States who were undocumented? Your Honor, I think the short answer is no. That's a discretionary calculus. It's up to the immigration judge to accord weight. So it continues to be a discretionary factor. Yes. Regardless of their legal status. At the end of the day, yes, because it's one of many factors weighed together, and that discretionary calculus is insulated from judicial review under the Guyatton case and cannot be second-guessed on appeal, and certainly not under the facts that are presented today where the Petitioner failed to raise anything close to this issue below. The only reference to children in his brief to the Board was a reference to child support. He wanted credit for having paid child support of an unknown amount and of an unknown duration under whether voluntary or not. We don't know, but he wanted credit for that as regards his attempt to show good moral character, which is a relevant positive equity in the discretionary calculus. Because as the Court is well aware, an adjustment of status of inquiry is a two-part analysis under Rodriguez, and the first part concerns statutory eligibility, and therein arises questions of law, because the Petitioner is entitled to a ruling on whether or not he meets the criteria established by statute. However, in this case, the agency determined that the Petitioner was statutorily eligible. So that contention, that first part of the adjustment of status analysis is not before the Court. What is before the Court is the second part of the adjustment of status analysis, and as the Rodriguez Court made clear in the Guyatton and the Wallace case, the weight accorded to the positive and the negative factors for whether a Petitioner has shown that they deserve to be accorded the privilege as a matter of administrative grace to reside in the United States is insulated from judicial review. So your adversary tells us that there was actually a legal error. You are telling us that part of it was in connection with the children, and you are telling us that that is beyond – we don't really have jurisdiction to review that because that argument was not made to the BIA. Is that correct? That's correct, Your Honor. Separate apart from the restriction on judicial review of discretionary determinations under 8 U.S.C. 1252 A2BI, there is also the matter of exhaustion, which is strictly enforced under Theodoropoulos. And in this case, the Petitioner is required to present to the agency his issues and accord the Board a, quote, a full opportunity for the Board to address its own errors. But that didn't happen here because the discussion below as regards children was tangential, it was child support, and that was just one of numerous – What I find interesting about that, though, is that although you say that the argument was not made, the BIA addressed it. Your Honor, not in the terms – not in terms that would prepare a record appropriate for this Court to rule on. There is no discussion in the Board's decision about the history of that phrase, family ties to the United States. What the Board did was consider the children as a positive equity, which is all that the Petitioner could have asked for. Because, you know, recall that the Petitioner has been found removable, and the burden is on the Petitioner to show, to provide evidence that he deserves to remain in the United States, and to the extent that there's any evidentiary shortfalls, that has to be laid at the Petitioner's feet. So the Board took all of the equities, including the equity of his children, of his adult children here in the United States for an unknown immigration status, and the Board found that nonetheless, even adding that as a factor to the calculus, the discretionary calculus, which is beyond judicial review, that did not tip the balance in the Petitioner's favor. So the Board's action mooted the entire discussion that Petitioner seeks to have today. If ever there was an opportunity for him to engage the Board in a legal discussion about the authorities in Board precedent and in Circuit precedent about the interpretation of the phrase family ties to the United States, it was when he filed his brief to the Board, but he chose not to raise any issues whatsoever about that phrase, much less complain. He acknowledges, as a matter of fact, he acknowledges in his brief on page 23 of the record that the IJ excluded his children from her calculus, her discretionary calculus. But he does nothing with it. He provides no argument to the Board contesting that, and the Board is not required to comb through the argument and to comb through the record and come up with arguments on the Petitioner's behalf. So today, for the Petitioner to now, six years after having been in front of the immigration judge for the first time, file a brief with the Court asking the Court to explore and to engage in a legal analysis of the history and the effect of that phrase on an immature record subverts one of the purposes of the exhaustion statute, which is to give the agency a full opportunity to correct its errors, if any. But in this case, while that issue is exhausted, it sort of doesn't matter because the Board considered that positive factor anyway. What he's, I mean, what's being challenged here, that is, the IJ's indication that their lack of legal status somehow was a negative factor is what you call mooted, but arguably it's not part of the final agency decision because the BIA said even if they had legal status, it wouldn't have mattered. That's correct, Your Honor. I don't know why it's a matter of mootness as opposed to something else, but I view it as the final agency decision doesn't reflect the finding that's the subject of the challenge with respect to the children. So, Your Honor, I'm not sure I'm following exactly, but my understanding is that, in my view, the Board, that the Board considered as children was all that the petitioner could have asked. The Board did that very thing, and the petitioner did not prevail. When the petitioner comes before this Court and challenges that sequence of events, the petitioner is asking this Court to displace the agency to second guess the weight accorded by the agency to the fact that he has adult children in the United States of an unknown or no legal status. But that's a discretionary calculus, which by statute is reserved outside of the jurisdiction of the Court. Failing to provide a cognizable question of law, that contention must be dismissed, if not for exhaustion, then certainly because the issue was rendered moot by the Board. In consequence, having no question of law to act upon, because there is no contention that the criminal history is a proper consideration because that goes under the Wallace case, squarely governed by the Wallace case, that goes to whether or not a petitioner deserves to live in the United States. In fact, under Wallace, convictions don't even matter. It's just simply antisocial conduct. Weighing his criminal history less or not at all, and on the other hand weighing the presence of his adult children more than the agency did, none of these present a question of law. And for that reason, this Court should dismiss or dismiss in part and deny in part this petition for review. Subject to your questions, that concludes my argument. Thank you. Thank you. Your Honor, I would submit to the Court that opposing counsel is trying to have his cake and eat it also. He's saying on the one hand the BIA fully considered whether an undocumented child could be used in the green card analysis and that the petitioner fully had his due process not before the IJ but before the BIA, and as a result the BIA considered all arguments and determined that an undocumented child, even if hypothetically they could be considered and even if we don't know whether they would be given the same weight as a green card holder child or a U.S. citizen child, that it doesn't matter that the petitioner's green card would still have been denied. However, the opposing counsel's argument also is a bit confusing because they're saying even though the BIA considered this rubric of analysis that my client didn't raise it before the BIA and it's our position that it was exhausted before the BIA, and according to Second Circuit President in Gill, the Second Circuit held that we've never held that a petitioner is limited to the exact contours of his argument below and littered throughout the brief are references to his undocumented children on page 13, on page 23, on page 24. And I think that the argument is it's one thing to make a reference to your undocumented children. It's another thing altogether to make arguments from those references, and you didn't make the argument that you're making today, the legal argument that you're making today. So maybe you want to show us where in the record you made the legal argument that you are making today with respect to the children. Your Honor, we would point to page 23 and 24 of the administrative record, where it discusses family ties in the United States, additionally where it discusses the immigration judge still should have considered evidence regarding respondent support of his children as evidence of his good moral character. Because at the end of the day, it's page 24, and it is line 3 through 5. 24. A-024, is that what it is? Yes, Your Honor, it's 024. 024. Oh, I see. So that says what lines? It starts on page 2, sorry, line 2. While no evidence was presented regarding the respondent's children's lawful status in the U.S., the immigration judge still should have considered evidence regarding respondent support of his children as evidence of his good moral character. But that's not your argument. Your argument today is not the support of his children, but it relates to their legal status, undocumented status, however you want to describe it. Well, I think the argument that we're making today is twofold. It's the existence of his children. So is this the same argument about support that you're making today? I think this argument is included in the argument that we're making today, because the first question is whether the children, their existence, their mere existence in the United States can be counted. And then going on from there, whether my client supports his child or not. Because hypothetically, if the immigration judge would have engaged in this analysis, they would have maybe accorded less weight to the fact that they were undocumented, but then more weight to the fact that the petitioner supports his child. So it's really, and I think under Gill, the Second Circuit case, it really, the argument was presented before the BIA. Thank you very much.